UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Respondent. | No.  2:16-cv-1464-WBS-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in an action brought under 28 U.S.C. § 2254.  Respondent moves to dismiss the case as partially unexhausted.  ECF No. 17. For the reasons that follow, it is recommended that the petition be dismissed without prejudice and that petitioner be allowed the opportunity to file an amended petition containing only his exhausted claims.

**I.      Background**

Petitioner was convicted of first degree murder with a sentencing enhancement in the Sacramento County Superior Court.  ECF No. 14, Resp't's Notice of Lodging Documents in Paper, Lodged Document (hereinafter Lodg. Doc.) No. 1.  He received a sentence of fifty-years-to-life on April 25, 2014.  *Id.*  The California Court of Appeal affirmed the conviction on May 28, 2015. Lodg. Doc. No. 2.  The California Supreme Court denied review on August 26, 2015. Lodg. Doc. Nos. 3, 4.  Petitioner has filed one state habeas petition, in the state superior court. He has not filed a habeas petition in the California Supreme Court.

In this action, petitioner asserts the following claims:

1. That his Fifth Amendment rights were violated when he was "manipulated by the courts to take the stand and incriminate myself" (ECF No. 1 at 15);
2. That his Sixth Amendment confrontation clause rights were violated when the trial court allowed Anthony Barnes to testify regarding statements made by the victim before his death;
3. That he was convicted of first-degree murder without sufficient evidence;
4. That (a) the trial court erred by allowing mentally-incompetent witness Loretta Turpen to testify and (b) petitioner's trial counsel was ineffective for not impeaching Turpen based on her mental health issues;
5. A second claim that the evidence was insufficient to support a first-degree murder conviction;
6. That his Sixth Amendment right to an impartial jury was violated because a juror knew the victim's grandfather and "hung out" with the victim's family outside the courtroom during trial;
7. That the trial judge erred by giving instructions on lying-in-wait and pre-textual self-defense because (a) the evidence did not support the instructions and (b) the two instructions oppose each other;
8. That trial counsel was ineffective for failing to review the instructions, particularly CALCRIM 3472;
9. That trial counsel was ineffective for failing to request proper jury instructions, particularly CALCRIM 522;
10. That trial counsel was ineffective because he didn't object to the prosecutor's argument that the hearsay testimony of Anthony Barnes established that the murder was first-degree;
11. That trial counsel was ineffective because of various conflicts of interest and refusals to proceed in the manner petitioner wished;

2

    12. That the prosecutor unlawfully testified regarding the import of the position of the victim's body;

    13. That the prosecutor unlawfully influenced the jury by presenting argument that was not supported by the evidence;

    14. That the prosecutor unlawfully misled the jury with a power-point display that did not contain "the mental element" of first- and second-degree murder;

    15. That the prosecutor unlawfully presented conflicting jury instructions (on pre-textual self-defense and lying-in-wait);

    16. That the prosecutor unlawfully coached Loretta Turpen and knowingly allowed her to commit perjury;

    17. That the trial court erred by failing, sua sponte, to give CALCRIM 8.47 and 4.21 regarding voluntary manslaughter and voluntary intoxication.

Of the claims included in this action, eleven were not included in petitioner's request for California Supreme Court review (claims one, two, four, six, ten, eleven, twelve, thirteen, fourteen, sixteen, and seventeen).

**II.     The Motion to Dismiss**

    Respondent argues that the petition should be dismissed because some of the claims raised by petitioner in the instant case have not been exhausted.  ECF No. 17.  Petitioner requests that the court to stay the case while he returns to state court to exhaust the unexhausted claims.  ECF Nos. 19, 27, 30.

    **A.  The Exhaustion Requirement**

    A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

    Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its

3

prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, she may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition

4

and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

**B. Analysis**

There is no dispute here that some of the claims raised in the petition have not been presented to the California Supreme Court. Accordingly, the petition is "mixed" and must be dismissed unless petitioner has shown good cause under *Rhines* to stay proceedings while he exhausts the unexhausted claims. *King*, 564 F.3d at 1140 (noting that, to obtain a stay without showing good cause under *Kelly*, the petitioner must first file an amended petition that contains only exhausted claims). Petitioner states only that he "was under the understanding my appeal attorney did everything he was suppose to do [sic]." ECF No. 19 at 1. Petitioner's mistaken impression that his attorney had exhausted the claims does not constitute "good cause" under *Rhines*. *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). Petitioner also states that

he thought that a federal habeas petition was "the next thing" after filing a habeas petition in the state superior court. Petitioner's ignorance of the law is also not "good cause." *Hamilton v. Clark*, No. CIV S-08-1008 EFB P, 2010 U.S. Dist. LEXIS 20035, at *4 (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust.").

Because the petition contains unexhausted claims and petitioner has not provided good cause for staying the case, the undersigned recommends that the petition be dismissed. The dismissal should be without prejudice and with leave to amend, however, to allow petitioner to file an amended petition containing only his exhausted claims (and he may thereafter seek a stay under *Kelly* while he presents the remaining claims to the California Supreme Court).

### III. Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that:

1. The September 1, 2016 motion to dismiss (ECF No. 17) be granted, and that the petition be dismissed with leave to amend to allow petitioner the opportunity to file a fully exhausted petition and then seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

2. Petitioner's motions to stay (ECF Nos. 27, 30) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE