1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JERRY LEE KING,                          No. 2:16-cv-1464-WBS-EFB P

11              Petitioner,

12        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13   DAVE DAVEY,

14              Respondent.

15

16        Petitioner is a state prisoner proceeding without counsel in an action brought under 28

17   U.S.C. § 2254.  The court dismissed the petition on March 27, 2017 as partially unexhausted.

18   ECF No. 36.  Petitioner filed an amended petition on March 31, 2017 (ECF No. 38) and a motion

19   to stay the case on April 14, 2017 (ECF No. 40).  Respondent opposes the motion to stay, arguing

20   that the amended petition includes an unexhausted claim and that a stay would be futile because

21   any claims that would be added back after exhaustion in the California Supreme Court would not

22   be timely.  ECF No. 44.  For the reasons that follow, it is recommended that the motion to stay be

23   denied as premature.  It is further recommended that the case be dismissed without prejudice and

24   that petitioner be allowed the opportunity to file an amended petition containing only his

25   exhausted claims.  Accordingly, the court vacates the schedule set in the order filed April 6, 2017

26   (ECF No. 39) directing respondent to file an answer to the amended petition.  A new briefing

27   schedule will issue when appropriate.

28   /////

                                              1

1    **I.    Background**

2          Petitioner was convicted of first degree murder with a sentencing enhancement in the

3    Sacramento County Superior Court.  ECF No. 14, Resp.'s Notice of Lodging Document in Paper,

4    Lodged Document (hereinafter Lod. Doc.) No. 1.  He received a sentence of fifty-years-to-life on

5    April 25, 2014.  *Id.*  The California Court of Appeal affirmed the conviction on May 28, 2015.

6    Lod. Doc. No. 2.  The California Supreme Court denied review on August 26, 2015.  Lod. Doc.

7    Nos. 3, 4.  Petitioner has filed one state habeas petition, in the state superior court.  He has not

8    filed a habeas petition in the California Supreme Court.

9          In his original petition, petitioner asserted the following claims:

10      1.   That his Fifth Amendment rights were violated when he was "manipulated by the

11           courts to take the stand and incriminate myself" (ECF No. 1 at 15);

12      2.   That his Sixth Amendment confrontation clause rights were violated when the trial

13           court allowed Anthony Barnes to testify regarding statements made by the victim

14           before his death;

15      3.   That he was convicted of first-degree murder without sufficient evidence;

16      4.   That (a) the trial court erred by allowing mentally-incompetent witness Loretta Turpen

17           to testify and (b) petitioner's trial counsel was ineffective for not impeaching Turpen

18           based on her mental health issues;

19      5.   A second claim that the evidence was insufficient to support a first-degree murder

20           conviction;

21      6.   That his Sixth Amendment right to an impartial jury was violated because a juror

22           knew the victim's grandfather and "hung out" with the victim's family outside the

23           courtroom during trial;

24      7.   That the trial judge erred by giving instructions on lying-in-wait and pre-textual self-

25           defense because (a) the evidence did not support the instructions and (b) the two

26           instructions oppose each other;

27      8.   That trial counsel was ineffective for failing to review the instructions, particularly

28           CALCRIM 3472;

9.  That trial counsel was ineffective for failing to request proper jury instructions, particularly CALCRIM 522;

10. That trial counsel was ineffective because he didn't object to the prosecutor's argument that the hearsay testimony of Anthony Barnes established that the murder was first-degree;

11. That trial counsel was ineffective because of various conflicts of interest and refusals to proceed in the manner petitioner wished;

12. That the prosecutor unlawfully testified regarding the import of the position of the victim's body;

13. That the prosecutor unlawfully influenced the jury by presenting argument that was not supported by the evidence;

14. That the prosecutor unlawfully misled the jury with a power-point display that did not contain "the mental element" of first- and second-degree murder;

15. That the prosecutor unlawfully presented conflicting jury instructions (on pre-textual self-defense and lying-in-wait);

16. That the prosecutor unlawfully coached Loretta Turpen and knowingly allowed her to commit perjury;

17. That the trial court erred by failing, sua sponte, to give CALCRIM 8.47 and 4.21 regarding voluntary manslaughter and voluntary intoxication.

The court concluded in its prior order that claims one, two, four, six, ten, eleven, twelve, thirteen, fourteen, sixteen, and seventeen had not been exhausted. ECF Nos. 35, 36. The court dismissed the petition and invited petitioner to file an amended petition containing only exhausted claims and to thereafter seek a stay of the proceeding while exhausting any remaining claims in the state court. *Id.*

Petitioner thereafter filed an amended petition. ECF No. 38. From review of that document, these claims can be discerned:

(A) That he was convicted of first-degree murder without sufficient evidence (*id.* at 11, 110);

3

(B) That the trial court erred by instructing the jury on lying-in-wait because the evidence did not support the instruction (*id.* at 12);

(C) That a model jury instruction provided to the jury (CALCRIM 521) erroneously failed to require that lying-in-wait be the means by which the murder is accomplished (*id.* at 16);

(D) That cumulative errors (premised on "issues of self-defense, provocation, and the degree of the homicide") rendered the trial unfair (*id.* at 20);

(E) That the trial court erroneously provided the jury with an instruction on pretextual self-defense (CALCRIM 3472) (*id.* at 66);

(F) That his attorney rendered ineffective assistance by failing to object to CALCRIM 3472 (*id.* at 95);

(G) That his attorney rendered ineffective assistance by failing to request a jury instruction on the effect of provocation on the degree of murder (CALCRIM 522) (*id.* at 105);

(H) That the trial court had a sua sponte duty to give CALCRIM 522, which it failed to do (*id.* at 106);

(I) That the prosecutor committed misconduct by requesting CALCRIM 521 and 3472 (*id.* at 109);

(J) That the prosecutor committed misconduct by misleading the jury with false evidence (*id.* at 5);

(K) That the prosecutor committed misconduct by seeking a conviction for first-degree murder even though the evidence supported a lesser charge (*id.*).

## II.     The Motion to Stay

Petitioner has filed a one-page motion to stay the case under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), while he exhausts other claims in state court. ECF No. 40. Respondent argues that a stay is inappropriate because petitioner has included unexhausted claims in the amended petition. ECF No. 44. Respondent further argues that a stay would be futile because the claims that have not yet been exhausted would be untimely if added back to the petition now. *Id.*

/////

## A. **The Exhaustion Requirement**

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, she may ask the federal court to stay its consideration of her petition

while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

/////

/////

6

### B. Analysis

The amended petition contains potentially three claims of prosecutorial misconduct (labeled as (I), (J), and (K), above).  The undersigned has reviewed petitioner's petition for review in the California Supreme Court.  Lod. Doc. No. 3.  It does not contain any claim of prosecutorial misconduct.  These claims are therefore unexhausted.

Because the petition contains unexhausted claims, the undersigned recommends that motion to stay be denied as premature and the petition be dismissed.  Because the motion to stay is premature, the court need not at this time analyze whether a stay would be futile due to the timeliness of the currently unexhausted claims.  The dismissal should be without prejudice and with leave to amend, however, to allow petitioner one more opportunity to file an amended petition containing only his exhausted claims – that is, claims he has already raised in the California Supreme Court.  He may thereafter seek a stay under *Kelly* while he presents the remaining claims to the California Supreme Court.

### III.     Conclusion and Recommendation

For the foregoing reasons, it is hereby ORDERED that respondent's June 5, 2017 request to stay the briefing schedule (ECF No. 48) is GRANTED and the briefing schedule set forth in ECF No. 39 is hereby VACATED.

It is further RECOMMENDED that the April 14, 2017 motion to stay (ECF No. 40) be DENIED, and the amended petition be dismissed with leave to amend to allow petitioner the opportunity to file a fully exhausted petition and then seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE